JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07164 PA (PVCx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Kristi Courtois v. NewRez LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

Before the Court is a Notice of Removal filed by defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing, LLC; Bank of New York Mellon; and Mortgage Electronic Registration Systems, Inc. ("Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Kristi Courtois ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07164 PA (PVCx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Kristi Courtois v. NewRez LLC, et al. | | |

  Defendants' Notice of Removal fails to adequately allege that this Court has diversity jurisdiction over this Action. First, Defendants' Notice of Removal makes no allegations as to the citizenship of defendant NewRez LLC. Even if Defendants' Notice of Removal did allege NewRez LLC's citizenship, the Notice of Removal fails to adequately allege Shellpoint Mortgage Servicing's citizenship. Defendant's Notice of Removal alleges that defendant Shellpoint Mortgage Servicing is a limited liability company organized under the laws of Delaware with its principal place of business in Pennsylvania." (Removal. ¶ A.1.) Defendants further allege that "Shellpoint's non-LLC ultimate parent is New Residential Investment Corp., which is a Delaware corporation with its principal place of business in New York. . . . Therefore, Shellpoint is a citizen of Delaware and New York for purposes of diversity jurisdiction." (Id.) As a limited liability company, defendant Shellpoint Mortgage Servicing's citizenship is determined by the citizenship of each of its members, which Defendants have not alleged. Specifically, Defendants do not allege whether there are any additional members of Shellpoint Mortgage Servicing LLC, and if so, the citizenship of those additional members. Defendants only allege the citizenship of Shellpoint Mortgage Servicing LLC's "ultimate parent."

  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Moreover, a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). By failing to allege NewRez LLC's citizenship, as well as each of Shellpoint Mortgage Servicing LLC's members' citizenship, Defendants have failed to establish that complete diversity exists in order to invoke this Court's jurisdiction.

  For the foregoing reasons, Defendants have failed to satisfy their burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. 20STCV22971, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.